1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   KEVIN J. YALE,                          No.  1:18-cv-01491-SKO (HC)

12                  Petitioner,

13        v.                                 **ORDER DENYING PETITIONER'S**
                                             **MOTION FOR PRELIMINARY**
14   LAKE, Warden, Federal Bureau of Prisons, **INJUNCTION**

15                  Respondent.              **(Doc. 14)**

16

17        Petitioner, Kevin J. Yale, is a federal prisoner proceeding *pro se* with a petition for writ of

18   habeas corpus pursuant to 28 U.S.C. § 2241.  On November 19, 2018, the Court ordered Respondent

19
     to file a response to the petition.  (Doc. 4.)  The response is currently due on May 21, 2019.  (Doc.
20
     13.)
21

22        On March 27, 2019, Petitioner filed an "Emergency Rule 65 Injunction," in which he asks

23   the Court to stop Respondent from transferring Petitioner from the United States Penitentiary,

24   Atwater, California, ("USP Atwater") to a prison outside the jurisdiction of the Court.  (Doc. 14 at

25   1.)  Petitioner contends that if he is transferred, the Court will lose jurisdiction over his petition.

26
     *Id*. at 2.  Petitioner specifically asks the Court to order Respondent to: (1) recall the transfer request;
27
     (2) stay the transfer until the case is resolved; and (3) resubmit the lower security transfer at an
28

                                             1

appropriate time.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). It is appropriately used to preserve a party's rights pending resolution of the merits of his claim. *Big Country Foods, Inc. v. Bd. of Educ. of Anchorage School Dist.*, 868 F.2d 1085, 1087 (9th Cir. 1989). The grant or denial of a motion for a preliminary injunction is a matter of the district court's discretion. *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 174 (9th Cir. 1987). Granting a motion for preliminary injunction is appropriate when the plaintiff demonstrates either (1) probable success on the merits and the possibility of irreparable harm, or (2) that serious questions exist regarding the merits and the balance of hardships tips sharply in plaintiff's favor." *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions . . . serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal quotation marks and citations omitted).

Here, Petitioner states there will be irreparable harm if the Court does not issue a preliminary injunction and he is transferred to a new prison, because this Court will lose jurisdiction of his case. However, Petitioner is incorrect; the Court will not lose jurisdiction over his case if Petitioner is transferred.

Pursuant to 28 U.S.C. § 2241(a), courts may grant a petition for writ of habeas corpus "within their respective jurisdictions." A writ of habeas corpus operates upon the prisoner's custodian, not the prisoner. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 494-95 (1973). Thus, the court issuing the writ must have personal jurisdiction over the custodian. *Id*. at 495 ("Read literally, the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can

issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction."); *see also Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999); *Subias v. Meese*, 835 F.2d 1288, 1289 (9th Cir. 1987.

A petitioner who files a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990). The custodian must be within the territorial jurisdiction of the court *at the time the petition is filed*; transfer of the petitioner thereafter *does not* defeat personal jurisdiction that has been properly established. *Ahrens v. Clark*, 335 U.S. 188, 193 (1948), *overruled on other grounds Braden*, 410 U.S. at 193. Because jurisdiction is measured at the time the action is filed, subsequent events cannot divest the court of that jurisdiction. *Smith v. Campbell*, 450 F.2d 829, 832 (9th Cir. 1971).

At the time Petitioner filed his petition, Petitioner was incarcerated at USP Atwater, which is in the jurisdiction of this Court, and filed the petition against the Warden of the prison. Since personal jurisdiction attached at the time the petition was filed, the Court has jurisdiction over the case, and will continue to have jurisdiction if Petitioner is transferred to a prison outside of the jurisdiction of this Court. Therefore, Petitioner cannot demonstrate he will suffer irreparable harm if the Court does not grant a preliminary injunction. Petitioner's motion for injunctive relief is DENIED.

IT IS SO ORDERED.

Dated:  __**March 29, 2019**__          _____/s/ *Sheila K. Oberto*_____

                                        UNITED STATES MAGISTRATE JUDGE

3