UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN J. YALE,<br><br>        Petitioner,<br><br>    v.<br><br>STEVEN LAKE, Warden,<br><br>        Respondent. | No. 1:18-cv-01491-SKO (HC)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE**<br><br>**[NO CERTIFICATE OF APPEALABILITY REQUIRED]** |

On October 29, 2018, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time of filing, he was in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary located in Atwater, California. He was then transferred to the Federal Correctional Institution in Oxford, Wisconsin. He challenges the computation of his federal sentence by the BOP. For reasons discussed below, the Court will **DENY** the petition with prejudice on the merits.[1]

## DISCUSSION

**I.    Background**

On April 21, 2005, Petitioner was indicted on two counts: 1) conspiracy to distribute and

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the magistrate judge for all purposes, including entry of final judgment. (Docs. 8, 10.)

1

possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1); and 2) possessing a firearm while conspiring to commit the above crime. See United States v. Yale, Case No. 8:05-cv-00191-LSC-TDT (ECF No. 1). On May 2, 2005, Petitioner was released on bond. Id. (ECF No. 8). On October 30, 2005, Petitioner was arrested in Pottawattamie County, Iowa, for attempted murder and willfully causing bodily injury. (Doc. 19-1 at 13.)

On November 1, 2005, Petitioner appeared in the Nebraska District Court via writ of habeas corpus ad prosequendum and pled guilty to count 1 pursuant to a plea bargain. Yale, Case No. 8:05-cv-00191-LSC-TDT (ECF Nos. 49, 52). On January 26, 2006, Petitioner was sentenced in the Nebraska District Court to a term of 262 months. Id. (ECF No. 64). On January 31, 2006, Petitioner was sentenced in Iowa state court to a five-year term of confinement. (Doc. 1 at 16.) The state court judge stated that the "sentence shall run concurrent with one the defendant was sentenced on in Federal Court on January 26, 2006." (Doc. 1 at 16.) On January 11, 2007, Petitioner satisfied his state obligation and was released to the U.S. Marshals Service pursuant to the federal detainer to commence service of his federal sentence. (Doc. 19-1 at 4, 19.)

On August 7, 2012, Petitioner submitted a request with prison authorities for credit against his sentence for time served in state custody. (Doc. 19-1 at 42.) As part of its review process, on November 16, 2012, the BOP sent a letter to the sentencing court regarding Petitioner's request for *nunc pro tunc* credit for time served in state custody. (Doc. 19-1 at 33-34.) On November 29, 2012, the federal sentencing judge responded, "I do not request or recommend an adjustment in Mr. Yale's federal sentence based on the time he spent in state custody," and added that the "state charges were unrelated to the federal charges and could not be viewed as relevant conduct." (Doc. 19-1 at 36.) The BOP denied his request for credit. Petitioner exhausted all available administrative remedies. (Doc. 19-1 at 42-47.)

On October 29, 2018, Petitioner filed the instant federal petition for writ of habeas corpus. (Doc. 1.) On May 21, 2019, Respondent filed a response to the petition. (Doc. 19.) Petitioner did not file a traverse.

2

## II. Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

Here, Petitioner alleges that he is being unlawfully denied credit against his federal sentence. Since Petitioner is challenging the execution of his sentence rather than its imposition, the claim is proper under 28 U.S.C. § 2241.

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. At the time he filed his petition, he was incarcerated at the United States Penitentiary in Atwater, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d). Although he has since been transferred to the Federal Correctional Institution in Oxford, Wisconsin, the Court retains jurisdiction to proceed. Brown, 610 F.2d at 677.

## III. Exhaustion

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison,

895 F.2d 533, 535 (9th Cir. 1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. Respondent concedes that Petitioner has fully exhausted his administrative remedies.

## IV. Commencement of Federal Sentence

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises it through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 334-35 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998), *cert denied*, 525 U.S. 1091 (1999). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." United States v. Smith, 812 F.Supp 368, 370 (E.D.N.Y. 1993); Jimenez v. Warden, FDIC, Fort Devens, Mass., 147 F.Supp.2d 24, 27 (D.Mass.2001); Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa. 1996), *affirmed by*, 100 F.3d 946 (3rd Cir. 1996). A federal sentence commences "on the date the defendant is received in custody. . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); Thomas v. Brewer, 923 F.2d 1361, 1369 (9th Cir. 1991).

Here, there is no dispute that Petitioner is entitled to credit against his federal sentence starting on January 11, 2007, and no contention has been raised that he has not fully been given such credit. The only issue is whether Petitioner is entitled to federal credit for any period of time prior to January 11, 2007, while Petitioner was in state custody. Petitioner contends that he is entitled to credit for all time served in state custody because the state court indicated the state sentence was to be run concurrently.

Thomas v. Brewer, 923 F.2d 1361 (9th Cir. 1991), is dispositive of the date Petitioner's federal sentence commenced. In that case, the petitioner, Thomas, was arrested on state charges on May 10, 1964. Id. at 1362. While in state custody on those charges, he was charged in federal court with armed bank robbery. Id. On three occasions—June 15, 1964, June 23, 1964, and August 4, 1964—Thomas was brought to federal court on a writ of habeas corpus ad prosequendum to answer the federal charges. Id. at 1363. On August 4, 1964, he was sentenced to

the "maximum period prescribed by law." Id.

After his sentencing in federal court, Thomas was returned to state authorities in Los Angeles, where on August 28, 1964, he appeared in state court and was sentenced to two concurrent terms. Id. On February 11, 1965, he was sentenced in state court to a term of life on another charge. Id. at 1364. Thomas began serving his state term in California State Institution, Chino, on February 23, 1965. Id. On November 23, 1966, pursuant to a recommendation of the state court, he was turned over to U.S. Marshals Service to enable concurrent service of his federal and state terms. Id. At an unknown date in December 1966, he was delivered to the Federal Correctional Institute, Lompoc, California. Id.

Thomas contended in a federal habeas petition that he should be given credit for time in custody between August 4, 1964 and November 23, 1966. Id. The federal district court disagreed and denied Thomas' petition. Id. The Ninth Circuit affirmed, rejecting Thomas' contention that he was in federal custody at the time of his initial federal sentencing on August 4, 1964, and that his federal sentence should therefore run from that date. Id. In so doing, the Ninth Circuit upheld the district court's determination that Thomas' sentence commenced on November 23, 1964, the date he was originally released from state prison and turned over to the custody of U.S. Marshals Service for concurrent service. Id. at 1369 ("Thomas's sentence could not have begun to run until he was received at an institution either to serve his sentence, or to be transported to another institution where his sentence was to be served.").

Applying Thomas to this case, Petitioner was not "received into [federal] custody...to commence service of sentence at the official detention facility at which the sentence is to be served" either on the date he was originally sentenced in state court or on the three dates he was brought to federal court prior to January 11, 2007. Instead on those earlier dates, despite being temporarily given over to federal authorities, Petitioner was still serving his state sentence and still in the primary custody of the State of Iowa. Regardless of the state court's statements during his sentencing in state court, his federal term did not commence until he was "received into [federal] custody" on January 11, 2007. See Thomas, 923 F.2d at 1369; United States v. Segal, 549 F.2d 1293, 1301 (9th Cir. 1977) ("a federal term cannot begin until a prisoner has been

received by federal authorities"); United States v. Graham, 538 F.2d 261, 265 (9th Cir. 1976) ("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence"); Gunton v. Squier, 185 F.2d 470, 471 (9th Cir. 1950) ("his Federal sentence could not start to run until he was delivered to and received by the United States Marshal at the place of detention to await transportation to the Federal penitentiary"). At that point, and only at that point, was Petitioner in the primary custody of federal authorities. Accordingly, January 11, 2007, was the date when Petitioner's federal detention "commenced."

Contrary to Petitioner's assertions, two reasons exist for why Petitioner is not entitled to additional credit against his federal sentence for time credited to his state sentence under 18 U.S.C. § 3585, which provides, *inter alia*, that "[a] defendant be given credit for any time spent in official detention prior to the date a sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). First, it was not a term served "as a result of the offense for which the [federal] sentence was imposed," § 3585(b)(1), and, second, Petitioner received credit for that time on his state sentence. § 3585(b)(2). To give Petitioner credit for his prior custody on both his state sentence and his federal sentence violates the plain language of § 3585(b) and is barred by United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear [in Section 3585(b)] that a defendant could not receive a double credit for his detention time.").

It is therefore evident that Petitioner is not entitled to prior custody credit pursuant to § 3585(b). Put another way, all of the time Petitioner now seeks to have credited against his federal sentence has already been credited toward his state sentence. Since Petitioner has received full credit against his state sentence for all of the time spent in federal custody pursuant to the various writs of habeas corpus ad prosequendum, he is not entitled to any additional credit, i.e., effectively, double credits, against his federal sentence for the same period of time. 18 U.S.C. § 3585(b); see also United States v. Wilson, 503 U.S. 329, 337 ("Congress made clear [in 18 U.S.C. § 3585(b)] that a defendant could not receive a double credit for his detention time."); Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988) (*per curiam*) (applying the precursor to 18 U.S.C. § 3585, and concluding that "[s]ince the State of Florida gave [petitioner] credit on his state

sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time"); Rios v. Wiley, 201 F.3d 257, 274-275 (3d Cir. 2000) ("[T]he general rule prohibiting double credit articulated in section 3585(b) applies equally to situations where, as here, the prisoner was in federal control pursuant to a writ of habeas corpus ad prosequendum during the time period for which a pre-sentence credit is sought."); United States v. LaBeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998)("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

Petitioner contends that the state court's intention that the state sentence run concurrent to the federal sentence should control. To the contrary, the state court lacks the power to dictate when a federal sentence is to commence. See Taylor v. Sawyer, 284 F.3d 1143, 1151 (9th Cir. 2002) ("federal statutory and regulatory power to punish for federal crime is not constrained at all by state power. . . . [S]tate courts are not constitutionally empowered to control punishment for federal crimes").

For the foregoing reasons, the petition must be denied. In the event a notice of appeal is filed, no certificate of appealability is required. The plain language of 28 U.S.C. § 2253(c)(1) does not require a certificate of appealability because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court. Forde v. U.S. Parole Commission, 114 F.3d 878 (9th Cir. 1997); see Ojo v. INS, 106 F.3d 680, 681-682 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. The petition for writ of habeas corpus DENIED WITH PREJUDICE on the merits;

2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and

3. In the event a notice of appeal is filed, no certificate of appealability is required.

IT IS SO ORDERED.

Dated: **July 2, 2019**　　　　　　　　　/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE